Julia Cummings Sutton, Julia Corona Stewart and William H. Sutton, Trustees of Cummings Family Trust, Appellants, v. Dean Hole, Perry L. Hole and Washington Loan and Trust Company, Defendants.

Washington Loan and Trust Company, Appellee.

Gen. No. 45,980.

Opinion filed February 2, 1953. Released for publication February 20, 1953.

WEIGHTSTILL WOODS, of Chicago, for appellants.

KNAPP, CUSHING, HERSHBERGER & STEVENSON, of Chicago, for appellee; R. C. STEVENSON, and E. A. WAGNER, JR., both of Chicago, of counsel.

MR. JUSTICE BURKE delivered the opinion of the court.

The Cummings Trustees filed a complaint in chancery in the superior court of Cook county seeking to enforce money decrees entered in the United States District Court against Perry L. Hole, and in addition, seek other relief *in personam* against the Washington Loan and Trust Company, hereinafter for convenience called the corporation. The complaint, as amended, alleges that the corporation removed assets of another corporation from Chicago to Washington, D. C. Plaintiffs prayed for an answer, a summons in garnishment, discovery, an accounting and a judgment. Service was made upon the corporation by delivery to its vice president in Washington, D. C., of a copy of the summons and complaint. Prior to the return day a special and limited appearance was filed on behalf of the corporation by its attorneys "for the sole purpose of moving to quash the service of summons." On the return day a written motion to quash the service of summons and the return thereon was filed and the motion was set for hearing. The hearing was continued. On the hearing of the motion the corporation filed an affidavit by its vice president and trust officer stating that it is a banking corporation organized under the laws of the United States relating to the District of Columbia; that its principal office and place of business is in Washington, D. C.; that it does not carry on business in Illinois; and that it is not authorized to do business in that State. The court filed a memorandum opinion finding that the allegations and prayers of the complaint were *in personam,* that the service upon the corporation was improper, and that the motion to quash should be sustained and entered an order sustaining the corporation's motion to quash the service. After plaintiffs filed an amendment to

221

the complaint a further order was entered allowing the motion to quash to stand with respect to the complaint as amended, and this motion was also sustained. Plaintiffs appealing, ask that the orders be reversed and that the cause be remanded with directions that the corporation answer the complaint as amended.

 Plaintiffs maintain that the record shows that the corporation entered a general appearance and is not in a position to argue as to the invalidity of the service. They say that the special appearance was entered for the attorneys alone and is not an appearance for the corporation. The appearance was filed by the attorneys for the corporation. Section 20 of the Civil Practice Act [Ill. Rev. Stats. 1951, ch. 110, par. 144; Jones Ill. Stats. Ann. 104.020] provides that a special appearance may be made by a party ''either in person or by attorney, and if made by attorney, shall not be deemed to be a general appearance.'' The subsequent actions of the corporation in filing its written motion to quash the service, the filing of the affidavit and the postponement of the hearing on the motion were consistent with the purpose of the limited appearance. It did not take any action inconsistent with its position at the time of the filing of the limited appearance. The case of *Welter v. Bowman Dairy Co.*, 318 Ill. App. 305, cited by plaintiffs, does not support their position. There the defendant waived the jurisdictional point by appearing generally on the return day. The filing of the affidavit in the case at bar did not constitute a general appearance. The affidavit was in support of the limited appearance and the motion to quash. We find that the corporation did not appear generally.

 Neither the statutes nor the decisions authorize the making of personal service outside of this State in actions *in personam*. Section 16 of the Civil Practice Act [Ill. Rev. Stats. 1951, ch. 110, par. 140; Jones Ill.

Stats. Ann. 104.016] must be read in connection with section 14 of that Act [Ill. Rev. Stats. 1951, ch. 110, par. 138; Jones Ill. Stats. Ann. 104.014]. See *Fitzgerald for Use of Foreman-State Nat. Bank v. First National Bank of Chicago*, 272 Ill. App. 570; and *McCormick v. Blaine*, 345 Ill. 461. The Supreme Court of the United States in *Milliken v. Meyer*, 311 U. S. 457, has held that a State may authorize the service of summons in another State upon one of its citizens who is temporarily out of the State for the purpose of an *in personam* action. In the case at bar the defendant is not a resident corporation and does not do business in this State. Under section 17 of the Civil Practice Act [Ill. Rev. Stats. 1951, ch. 110, par. 141; Jones Ill. Stats. Ann. 104.017] corporations may be served by publication and mail in like manner as provided in sections 14 and 15 of that Act. See *Nelson v. Chicago, B. & Q. R. Co.*, 225 Ill. 197. We are convinced that plaintiffs are attempting to prosecute an action *in personam*. We are of the opinion that the service on the corporation in the city of Washington, D. C., did not confer jurisdiction on the superior court of Cook county to enter a judgment *in personam* and that the court was right in quashing the service. Therefore, the orders of the superior court of Cook county are affirmed.

*Orders affirmed.*

FRIEND, P. J. and NIEMEYER, J., concur.