Arch D. Welch, Plaintiff-Appellant, v. John P. Downs, Defendant-Appellee.

Gen. No. 9,921.

Opinion filed February 25, 1954. Rehearing denied March 31, 1954. Released for publication March 31, 1954.

HAL M. STONE, JR., and CHESTER THOMSON, both of Bloomington, for appellant.

RICHARD F. DUNN, and JOSEPH W. DEPEW, both of Bloomington, for appellee.

MR. PRESIDING JUSTICE REYNOLDS delivered the opinion of the court.

This is an appeal from an order of the circuit court of McLean county, dismissing the complaint.

Originally there was a judgment for a deficiency in a foreclosure suit in the court of common pleas in Hardin county, Ohio. On June 1, 1931, one Frank H. McCullough obtained a deficiency judgment for the sum of $36,737.22, against a number of defendants. The plaintiff in this suit was a co-maker of the original mortgage and mortgage note, and one of the judgment debtors against whom the deficiency judgment was rendered by the court in Ohio. Neither of the parties to this suit has ever resided in the State of Ohio. The defendant is a lifelong resident of McLean county, Illinois. In the original suit in Ohio, both the defendant herein and the plaintiff herein, entered their appearances in the court in Ohio, but it appears that the defendant herein was not at any time personally within

the territorial jurisdiction of the State of Ohio, at the time of the original suit or at the time the revivor suit was pending in Ohio.

The plaintiff herein secured an assignment of the deficiency judgment entered on June 1, 1931, from one William J. Bach, and on February 14, 1952, filed a motion in the Ohio court to revive the deficiency judgment, alleging in said motion that the judgment was dormant. The Ohio court, upon the filing of the motion to revive, entered a conditional order of revivor and ordered notice of said suit, by publication, ordering the defendant to show cause on or before March 29, 1952, why the deficiency judgment should not be revived. The service had therein on the revivor suit was by publication and it is not contended that any personal service was ever had on the defendant. On March 31, 1952, the Ohio court entered a final order of revivorship of the original deficiency judgment.

On June 2, 1952, the plaintiff filed suit in the circuit court of McLean county, Illinois, upon the revived deficiency judgment. The trial court dismissed the complaint on motion of the defendant. The plaintiff elected to stand by his complaint, and from such order of dismissal, the cause comes to this court.

 The plaintiff assigns as error, that the trial court erred in allowing the motion to dismiss, erred in dismissing the complaint and erred in its finding that the claim of plaintiff was barred by the Illinois statute of limitations, and erred in holding that the Ohio court had no jurisdiction to enter the judgment. Since the order of the trial court in allowing the motion to dismiss and dismissing the complaint is predicated upon the conclusions of the trial court that the Ohio court had no jurisdiction and that the claim was barred by the statute of limitations, it is pertinent to examine the facts and the law in that connection. It is conceded by both parties that section 15 [Ill. Rev. Stats. 1951, ch.

83, § 16; Jones Ill. Stats. Ann. 107.275] of the Limitations Act governs this case, and that a suit must be brought within five years from the date the judgment is obtained in a foreign jurisdiction. There seems to be no question of the jurisdiction of the Ohio court in the original suit. Both the plaintiff and the defendant had entered their appearance, although both were residents of McLean county, Illinois.

The plaintiff contends that the judgment of revivor is an original suit, a new personal judgment, binding upon both parties, and that the finding of the Ohio court upon the revivor suit is *res adjudicata* as to Illinois, on the question of the purchase of the Ohio judgment extinguishing the old Ohio judgment.

The defendant on the other hand, contends that the revivor suit in Ohio does not operate as *res adjudicata* in Illinois; that the revivor judgment is not a new judgment but a revival of the old judgment; that no jurisdiction was acquired by the Ohio court as to the defendant, and that the Illinois statute of limitations applied to the old judgment. He further contends that while the judgment of the Ohio court might be binding upon persons residing in Ohio, it did not acquire jurisdiction upon the defendant residing in Illinois; that the proceeding of revivor of the original judgment was a proceeding *in personam* and not *in rem,* and that being a suit *in personam,* personal service on the defendant was necessary. The proceeding on the revivor suit and the method of service seems to be in full compliance with the Ohio statutes. But was this compliance with the requirements of Ohio sufficient to give the Ohio court jurisdiction over a defendant living in Illinois? The trial court held that it did not and in arriving at this decision, relied upon the case of *Sutton v. Hole,* 349 Ill. App. 219, which is analogous to the question here. In that case it was sought to enforce a money decree entered by the U. S. District Court against one

Perry L. Hole, and in addition, sought other relief *in personam* against the Washington Loan and Trust Company, of Washington, D. C. Service was had by delivery to its vice president in Washington, D. C. of a copy of the summons and complaint. There, as in this case, the defendant was a nonresident. The court filed a memorandum opinion finding that the allegations and prayers of the complaint were *in personam*. The court in its decision said: "Neither the statutes nor the decisions authorize the making of personal service outside of this State in actions *in personam*. Section 16 of the Civil Practice Act [Ill. Rev. Stats. 1951, ch. 110, par. 140; Jones Ill. Stats. Ann. 104.016] must be read in connection with section 14 of that Act. . . . See *Fitzgerald for Use of Foreman-State Nat. Bank v. First National Bank of Chicago*, 272 Ill. App. 570; and *McCormick v. Blaine*, 345 Ill. 461. The Supreme Court of the United States in *Milliken v. Meyer*, 311 U. S. 457, has held that a State may authorize the service of summons in another State upon one of its citizens who is temporarily out of the State for the purpose of an *in personam* action. In the case at bar the defendant is not a resident corporation and does not do business in this State. . . . We are convinced that plaintiffs are attempting to prosecute an action *in personam*. We are of the opinion that the service on the corporation in the city of Washington, D. C., did not confer jurisdiction on the superior court of Cook county to enter a judgment *in personam* and that the court was right in quashing the service."

 Following the law laid down in that case, in the instant case, we must hold that this is an action *in personam*, and that the service by publication in the Ohio court was not proper and legal service upon a defendant residing in Illinois.

 It has been held in an unbroken line of cases, that the period of limitations within which an action

428

may be brought in this State upon a judgment rendered in another State, is five years. *Davis v. Munie,* 235 Ill. 620; *Bemis v. Stanley,* 93 Ill. 230; *Ambler v. Whipple,* 139 Ill. 311. This disposes of the old judgment, which was dormant for twenty years. But the plaintiff urges that the Ohio court having jurisdiction of the defendant in the old case, retained jurisdiction in the revivor case. This position is untenable in view of the fact that the statute of limitations made the judgment against the defendant valueless after five years. It is true that the revivor suit is only a reviving of the old deficiency judgment. It is possibly good in Ohio, but because of the insufficiency of service, it is not good in Illinois.

The judgment of the trial court is affirmed.

*Affirmed.*

Mr. Justice Hibbs took no part in the consideration or decision of this case.