**Paul H. HARRISON, Plaintiff,**

v.

**PIEDMONT AVIATION, INC., operating as Piedmont Airlines, Defendant.**

**Civ. A. No. CA–75–0178–H.**

United States District Court,
S. D. West Virginia.

May 29, 1977.

Carroll W. Casto, Point Pleasant, W. Va., for plaintiff.

Thomas Pettit, Howard Meek, Huntington, W. Va., for defendant.

## MEMORANDUM ORDER

HADEN, District Judge.

This is an action by Paul H. Harrison, a citizen of West Virginia, against Piedmont Aviation, Inc., a North Carolina corporation licensed to do business in West Virginia, to recover damages for injuries allegedly incurred as a result of the Defendant's negligence. The jurisdiction of this Court is invoked pursuant to the diversity statute, 28 U.S.C. § 1332.

The Defendant has moved for summary judgment on the ground that the action is barred by the statute of limitations. The accident occurred July 30, 1973, at the Greater Cincinnati Airport (which is located in Kentucky) while the Plaintiff was boarding an airplane. The Plaintiff had briefly deplaned to make a phone call, while en route from Huntington, West Virginia, to Louisville, Kentucky where he was to board a river vessel. The complaint was filed July 30, 1975.

In a diversity case, this Court must follow the applicable state statute of limitations. *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). In deciding which statute of limitations to apply, this Court must look to the conflicts-of-law rules of the forum state.

*Klaxon Co. v. Stentor Elec. Mfg. Co., Inc.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). In West Virginia, where a claim accrues beyond state boundaries, the shorter limitation, West Virginia or foreign, shall govern the action. *W.Va.Code*, 1931, 55–2A–2, as amended; *Nellas v. Loucas*, 191 S.E.2d 160 (W.Va.1972). In West Virginia, the statute of limitations for personal injuries is two years. *W.Va.Code*, 1931, 55–2–12, as amended; in Kentucky, the statute of limitations for personal injuries is one year. *Kentucky Rev.Stat.* Vol. 15, § 413.140(1)(a). Accordingly, the one-year statute of Kentucky is applicable to this case.

The Plaintiff attempts to counter this argument by use of the "center of gravity" approach to conflicts espoused by Restatement Second, Conflicts of Laws (1971). Section 145 thereof states that "the rights and liabilities of the parties . . . in tort are determined by the local law of the state which . . . has the most significant relationship to the occurrence and the parties under the principles stated in § 6." The Plaintiff argues that since West Virginia has the more significant contacts, the limitations issue should be determined by the law of West Virginia. However, Section 6 of the Restatement states that "a Court . . . will follow a statutory directive of its own state on choice of law." Since the West Virginia statute requires application of the Kentucky one-year limitation, under the "center of gravity" theory the result is the same as under the more traditional theories.

For the reasons stated above, Defendant's motion for summary judgment is hereby ORDERED granted, and this case is dismissed from the docket of this Court, with prejudice.

The Clerk is directed to send a certified copy of this order to counsel of record.