399 S.E.2d 50

Franklyn GONZALEZ PEREZ, Victor Gonzalez Perez, and Horacia Perez

v.

ROMNEY ORCHARDS, INC.

Angel SOTOMAYOR PAGAN, Luis Otero Herrara, Jose M. Hernandez, Alfredo Acevedo, Jorge L. Amonte Alers, Anicasio Heredia Serrano, and Angel L. Medina

v.

EWERS ORCHARDS & Randolph L. Ewers

Jose M. BONILLA ROJAS, Esteban Velez Roca, Antonio Gonzalez Aleman, Angel Luis Maldonado Vega, Redin A. Rivera and Carmello Velazquez Baez

v.

EWERS ORCHARDS

Luis MASS RASADO

v.

EWERS ORCHARDS and Randolph L. Ewers.

No. 19664.

Supreme Court of Appeals of West Virginia.

Oct. 24, 1990.

Garry G. Geffert, Martinsburg, David McMahon, WV Legal Services Plan, Inc., Charleston, for appellants.

Loudoun L. Thompson, Thompson & Parson, Romney, for appellee.

Ralph W. Haines, Romney, amicus curiam for appellee.

MILLER, Justice:

This appeal involves the time period in which a suit must be filed in this State to enforce a foreign judgment. In 1979, 1980, and 1981, several migrant workers obtained judgments in Puerto Rico against West Virginia apple growers (the employers).[1] In 1987, the migrant workers filed suit to enforce the judgments in the Circuit Court of Hampshire County. The trial court found that the action was not timely filed; therefore, it granted the employers'

---

1. The validity of these judgments is not challenged.

motion to dismiss. The migrant workers appealed.

Two statutes which have complementary purposes control this issue. W.Va.Code, 55–2–13 (1923), provides a ten-year period for filing a suit on a foreign judgment unless the claim would be sooner barred under the law of the jurisdiction where the judgment was obtained.[2] A similar rule is prescribed in our Uniform Statute of Limitations on Foreign Claims Act, W.Va.Code, 55–2A–1, *et seq.*[3] The disagreement in this case is the applicable time period under Puerto Rican law to file an independent action to enforce a judgment. If the time period is less than our ten-year provision, then under our statute, this shorter time period would apply. The trial court ruled that a five-year statute of limitations existed under Puerto Rican law and that, therefore, these suits were time barred.

■ Both parties rely on *Padilla v. Vidal,* 71 P.R.R. 483 (1950), where the Supreme Court of Puerto Rico considered several statutes relating to enforcement of judgments. According to *Padilla,* a party who obtains a judgment and seeks to enforce it by way of an execution under Puerto Rican law must do so within five years, but this period can be extended by leave of court. The *Padilla* court cited Sections 239 and 243 of its Code of Civil Procedure in support of this proposition.[4]

In *Padilla,* the plaintiff obtained a $5,000 judgment in 1935. In April, 1949, the plaintiff filed a separate suit to collect the judgment. The plaintiff was awarded a new judgment for the principal amount of the old judgment plus interest from the date the original judgment was entered. The defendant appealed contending that the new suit was time-barred by the five-year limitation period contained in Section 239.

The court in *Padilla* held that the five-year period was applicable to supplemental proceedings, such as a levy of execution, to enforce the judgment; however, the court found that where an independent action is brought to collect the judgment, the fifteen-year statute of limitations under Section 1864 of its Civil Code applies:

"The right to bring an independent action for the recovery of money has been recognized by us. *Tettamanzi v. Zeno,* 24 P.R.R. 724; *Candal v. Pierluisi,* [28 P.R.R 564].... Such actions, as we said in *Valiente v. Buxo,* [68 P.R.R. 123], are personal in character, and according to the provisions of § 1864 of the Civil Code, they prescribe after the lapse of fifteen years, counted from the date on which the judgment became definitive and enforceable." 71 P.R.R. at 491.[5]

2. W.Va.Code, 55–2–13, provides:
"Every action or suit upon a judgment or decree rendered in any other state or country shall be barred, if by the laws of such state or country such action or suit would there be barred, and the judgment or decree be incapable of being otherwise enforced there. And whether so barred or not, no action against a person who shall have resided in this State during the ten years next preceding such action shall be brought upon any such judgment or decree rendered more than ten years before the commencement of such action."

3. W.Va.Code, 55–2A–2, states: "The period of limitation applicable to a claim accruing outside of this State shall be either that prescribed by the law of the place where the claim accrued or by the law of this State, whichever bars the claim." Obviously, in order to determine the time limitation to enforce a foreign judgment under this section, reference must be made to W.Va.Code, 55–2–13. An independent suit to enforce a foreign judgment falls within the definition of a "claim" as set forth in W.Va.Code,

55–2A–1: "[A]ny right of action which may be asserted in a civil action or proceeding[,] ... includ[ing], but ... not limited to, a right of action created by statute."

4. As set out in *Padilla,* 71 P.R.R. at 486, the text of each section is:
"Section 239 of the Code of Civil Procedure provides:
'The party in whose favor judgment is given, may, at any time within five years after the entry thereof, have a writ of execution issued for its enforcement.'
And § 243 of the same legal body:
'In all cases *other than for the recovery of money,* the judgment may be enforced or carried into execution after the lapse of five years from the date of its entry, by leave of the court, upon motion, or by judgment for that purpose, founded upon supplemental proceedings.' (Italics ours.)"

5. The *Padilla* court did not quote Section 1864. This provision's current counterpart is found in

Sections 239 and 243 of the Code of Civil Procedure relied upon by the *Padilla* court were repealed, but have since been incorporated into Rule 51.1 of the Rules of Civil Procedure of 1958.[6] As noted in the comparison summary in the Rules of Civil Procedure, Rule 51.1 was not changed,[7] and its current language reads:

"The party in whose favor judgment is entered may execute the same by the proceeding fixed in Rule 51 at any time within five (5) years after it becomes final. Upon expiration of that period, the judgment may be executed by leave of court, on motion of a party and notice to all parties. If after entry of the judgment the execution thereof is stayed by order or judgment of the court or by operation of law, the time the execution has been suspended shall be deducted in computing the five (5) years during which the writ of execution may be issued."

This provision is substantially similar to the text of Sections 239 and 243.[8] Of significance is that Rule 51.1 and its related sections deal with enforcement of judgments through a writ of execution [9] and not with enforcement of judgments by an independent action as authorized in *Padilla*.

▇▇▇▇ The employers contend that the action in Hampshire County was not a separate proceeding; this position is untenable. We have recognized that the proper procedure to enforce a foreign judgment is to bring a separate suit. In *International Harvester Co. of America v. Solazo*, 116 W.Va. 34, 178 S.E. 429 (1935), the plaintiff filed a suit to enforce a $21,186.64 judgment obtained in the Pennsylvania courts. After recognizing the appropriateness of the suit, we found that only limited defenses were available. We elaborated on these limited defenses in *Johnson v. Huntington Moving & Storage, Inc.*, 160 W.Va. 796, 239 S.E.2d 128 (1977), where we held in Syllabus Point 1:

"Under Section 1, Article IV of the Constitution of the United States, the judgment or decree of a court of record of another state will be given full faith and credit in the courts of this State, unless it be clearly shown by pleading and proof that the court of such other state was without jurisdiction to render the same, or that it was procured through fraud." [10]

---

Title 31, Chapter 409, § 5294 of Laws of Puerto Rico Annotated (Equity Publishing Corp.1968): "A mortgage action prescribes after twenty years, and those which are personal and for which no special term of prescription is fixed, after fifteen years.—Civil Code, 1930, § 1864." This section has not been altered since the *Padilla* case.

**6.** The language under repealed Sections 1121–1128 of Title 32, Chapter 105 of the Laws of Puerto Rico Annotated indicates that these sections were placed in the Civil Procedure Rules:

"Sections 1121–1123, Code Civil Proc., 1933, §§ *239*, 240, amended Const., art. IX, § 4; and 241, established time and requirements for writ of execution and its return. Similar provisions, see 1958 Civil Procedure Rules 5[1].1, 5[1].2 and 5[1].5, App. II of this title.
\* \* \* \* \* \*
"Section 1125, Code Civil Proc., 1933, § *243*, authorized enforcement after five years in all cases other than for recovery of money. Similar provisions, see 1958 Civil Procedure Rule 51.1, App. II of this title." (Emphasis added).

**7.** In Title 32, Appendix II at 122, this statement is made:
"Rule 51.1 of Civil Procedure, 1958, established the proceedings and the terms for the execution of judgments.

"Present similar provisions, see Rule 51.1 of Civil Procedure, 1979, App. III of this title."

**8.** For the text of Sections 239 and 243, see note 4, *supra*.

**9.** For instance, Rule 51.2 of the Rules of Civil Procedure outlines how the writ of execution is processed:

"Process to enforce a judgment or order for the payment of money and to collect the costs awarded by the court shall be a writ of execution. The writ shall specify the terms of the judgment and the amount actually due. Every writ of execution shall be directed to the marshal. In execution cases, including those where a judicial sale is ordered, the marshall shall deliver to the clerk the writ duly served and any surplus in his possession within fifteen (15) days after the date of such execution. A writ of execution may issue upon one or more judgments or orders in the same action."

**10.** 28 U.S.C.A. § 1738 (1948) provides that court records from "any State, Territory, or Possession" of the United States are entitled to full faith and credit. 48 U.S.C.A. § 731, *et seq.*, recognizes Puerto Rico as a commonwealth of

In the absence of a special statute,[11] in order to enforce a foreign judgment in a state court, it is necessary to file a separate suit based on the foreign judgment. This principle is elaborated upon in 46 Am.Jur.2d *Judgments* § 905 at 1038 (1969):

> "The general rule is that a judgment rendered by a court of a foreign nation may not be enforced in the United States without the institution of an action thereon in the United States, and the recovery of a judgment in such action. The same rule applies to the enforcement in one state of a judgment rendered in another state. The provisions of the Federal Constitution requiring full faith and credit to be given in each state to the judicial proceedings of sister states do not extend to proceedings in the nature of execution, and a judgment of a court of one state does not per se authorize the issuance of a writ of execution in another state." (Footnotes omitted).

*See also* 46 Am.Jur.2d *Judgments* § 930 (1969 & Supp.1989).

Consequently, we reject the employers' position that this is not a separate proceeding. The fifteen-year statute of limitations would apply in Puerto Rico, and this period is longer than the ten-year limitation provided by W.Va.Code, 55–2–13. Because the suits at issue were brought within this ten-year period, we find that the circuit court erred in dismissing these cases.

For the foregoing reasons, the judgment of the Circuit Court of Hampshire County is reversed, and this case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

the United States. Judgments from the courts of Puerto Rico are, therefore, entitled to the same principles of full faith and credit as are judgments of the states under Article IV, Section 1 of the United States Constitution. *See Medina & Medina, Inc. v. Gurrentz Int'l Corp.*, 304 Pa.Super. 76, 450 A.2d 108 (1982).

11. Recently our legislature enacted the Uniform Enforcement of Foreign Judgments Act, W.Va. Code, 55–14–1, *et seq.* This provision permits the filing of a foreign judgment in any circuit court of this state. The circuit court shall then "treat the foreign judgment in the same manner as a judgment of any circuit court of this State." W.Va.Code, 55–14–2. This statute does not apply in this case.