431 S.E.2d 676

**Jack V. OAKLEY and James F. Shumaker, Executor of the Estate of Helen Oakley, Plaintiffs Below, Appellants,**

v.

**Joe F. WAGNER, Defendant Below, Appellee.**

**No. 21237.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 13, 1993.

Decided May 27, 1993.

Fred B. Westfall, Jr., Huddleston, Bolen, Beatty, Porter & Copen, Huntington, Jack V. Oakley, Buchtel, OH, for appellants.

Charles T. Bailey, Bailey & Wagner, Bernard L. Spaulding, Logan, for appellee.

PER CURIAM:

This is an appeal by Jack V. Oakley and James F. Shumaker from a summary judgment order of the Circuit Court of Logan

County terminating their West Virginia action to enforce an Ohio judgment. The circuit court, in essence, found that the Ohio judgment was unenforceable because the appellants had failed to bring their action in West Virginia within the time provided by the appropriate statute of limitations. The appellants argue that the circuit court misapplied the West Virginia statute of limitations. They also claim that the circuit court's action denied them the full faith and credit guaranteed to them by the United States Constitution. After examining the record and the questions presented, this Court disagrees with the appellants' assertions. The judgment of the Circuit Court of Logan County is, therefore, affirmed.

On December 1, 1978, R.V. Oakley obtained a judgment in the Court of Common Pleas, Athens County, Ohio, against Joe F. Wagner for loans made by the said R.V. Oakley to Joe F. Wagner.

R.V. Oakley died intestate on January 20, 1979, and left two beneficiaries, his wife, Helen Oakley, and his son, the appellant, Jack V. Oakley. Helen Oakley subsequently died on December 20, 1987, and the appellant, James H. Shumaker, was appointed executor of her estate.

After the death of R.V. Oakley on December 1, 1978, no legal action was taken to enforce the Ohio judgment until 1989, more than ten years after its entry. On March 10, 1989, R.V. Oakley's successors, however, obtained a revival of the judgment in the Court of Common Pleas of Athens County, Ohio. Then, on June 29, 1989, they instituted the present action in the Circuit Court of Logan County, West Virginia, to enforce the revived Ohio judgment.

Following the institution of the West Virginia action, Joe F. Wagner, the defendant below and appellee in the present proceeding, moved for summary judgment on the ground that the West Virginia action was barred by the applicable West Virginia statute of limitations.

After considering Joe F. Wagner's motion in conjunction with the various documents filed by the parties, the circuit court,

on December 5, 1991, entered the order from which the present appeal is taken. In that order, the court granted Joe F. Wagner's motion for summary judgment and stated:

> [T]his court holds that the Ohio judgment which the plaintiff seeks to enforce in this State is barred by the statute of limitations provisions of West Virginia Code 55-2-13 and 55-2A-2 in that because the defendant has resided in this state continuously during the ten years next preceding the action brought upon the Ohio judgment.

In the present proceeding, the appellants claim that the circuit court erred in granting the summary judgment and claim that the date from which the West Virginia statute of limitations should run is March 10, 1989, the date of the revival of the Ohio judgment. They also claim that the Circuit Court of Logan County erred in failing to give the Ohio judgment full faith and credit guaranteed by the Constitution of the United States.

■ The general rule for when summary judgment should be granted in West Virginia is set forth in syllabus point 4 of *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963). That syllabus point states that:

> If there is no genuine issue as to any material fact summary judgment should be granted but such judgment must be denied if there is a genuine issue as to a material fact.

In the present case, it does not appear that there was a factual dispute as to the circumstances giving rise to the controversy between the parties. The real issue in the case is whether the Circuit Court of Logan County properly applied the West Virginia statute of limitations to the facts presented and whether the circuit court's application of the statute of limitations resulted in a denial of full faith and credit to the Ohio judgment.

*West Virginia Code*, 55-2-13, discusses the barring of foreign judgments and de-

crees in West Virginia. That statutory section provides:

> Every action or suit upon a judgment or decree rendered in any other state or country shall be barred, if by the laws of such state or country such action or suit would there be barred, and the judgment or decree be incapable of being otherwise enforced there. And whether so barred or not, no action against a person who shall have resided in this State during the ten years next preceding such action shall be brought upon any such judgment or decree rendered more than ten years before the commencement of such action.

Relating to foreign judgments, the Uniform Limitations on Foreign Claims Act, which has been adopted in West Virginia as *W.Va.Code*, 55–2A–1 *et seq.*, also provides, in part:

> The period of limitation applicable to a claim accruing outside of this State shall be either that prescribed by the law of the place where the claim accrued or by the law of this State, whichever bars the claim.

*W.Va.Code*, 55–2A–2. In interpreting this last statute, this Court, consistent with the clear language of *W.Va.Code*, 55–2–13, has indicated that *W.Va.Code*, 55–2A–2, provides that where a claim accrues beyond state boundaries, the shorter limitation, West Virginia's or the foreign limitation, shall govern such action. *Nellas v. Loucas*, 156 W.Va. 77, 191 S.E.2d 160 (1972). *See also, Harrison v. Piedmont Aviation, Inc.*, 432 F.Supp. 980 (S.D.W.Va.1977).

In line with these authorities, in *Gonzalez Perez v. Romney Orchards, Inc.*, 184 W.Va. 20, 399 S.E.2d 50 (1990), this Court indicated that where the statute of limitations was fifteen years in the jurisdiction where the foreign judgment was obtained, a suit to enforce that judgment in West Virginia must be brought within the ten-year limit provided in West Virginia, which is the shorter of the limitations periods established by the foreign jurisdiction and West Virginia.

■ A careful examination of *W.Va. Code*, 55–2–13, suggests that there are two theories under which the appellants' action could be barred in West Virginia. First, if the action was barred in Ohio, or otherwise incapable of being enforced there, it must be deemed to be barred in West Virginia. Second, even if the action was not barred in Ohio, it would be barred as to any person who has resided in West Virginia more than ten years after the Ohio decree was rendered.

■ It appears that under Ohio law a judgment rendered in favor of a private individual, as is the situation in the present case, is deemed to become "dormant" if an execution is not taken on it or a certificate of judgment is not filed within five years from the date of the judgment. *Ohio Rev. Code Ann.* § 2329.07 (Anderson 1991).[1] Ohio law further provides, however, that a dormant judgment may be revived. *Ohio Rev.Code Ann.* § 2325.15 (Anderson 1991). Under ordinary circumstances, such revival may occur within twenty-one years after the judgment became dormant. *Ohio Rev. Code Ann.* § 2325.18 (Anderson 1991).[2] It thus appears that in Ohio the enforcement of a judgment, under ordinary circumstances, is not absolutely barred for twenty-six years. This is considerably longer than the ten year limitation period for en-

---

1. That section provides, in relevant part:

   If neither execution on a judgment rendered in a court of record or certified to the clerk of the court of common pleas in the county in which the judgment was rendered is issued, nor a certificate of judgment for obtaining a lien upon lands and tenements is issued and filed, as provided in sections 2329.02 and 2329.04 of the Revised Code, within five years from the date of the judgment or within five years from the date of the issuance of the last execution thereon or the issuance and filing of the last such certificate, whichever is later, then, unless the judg-

ment is in favor of the state, the judgment shall be dormant and shall not operate as a lien upon the estate of the judgment debtor.

2. Section 2325.18 provides:

   An action to revive a judgment can only be brought within twenty-one years from the time it became dormant, unless the party entitled to bring such action, at the time the judgment became dormant, was within the age of minority, of unsound mind, or imprisoned, in which cases the action may be brought within fifteen years after such disability is removed.

forcing a foreign judgment in West Virginia against a West Virginia resident who has been a West Virginia resident for ten years before the bringing of the action. *W. Va. Code*, 55–2–13.

■ In view of the fact that *W. Va. Code*, 55–2A–1, *et seq.*, as well as *Nellas v. Lucas, supra*, and *Gonzalez Perez v. Romney, supra*, indicate that where a claim accrues beyond state boundaries, the shorter limitation, West Virginia's or the foreign limitation, shall govern the action, this Court concludes that the Circuit Court of Logan County properly concluded that, given the fact that Joe F. Wagner had resided in West Virginia continuously before the West Virginia action was brought, the ten-year alternative limitation period provided by *W. Va. Code*, 55–2–13, applies.

The Court notes that the appellants, in effect, argue that the revival in 1989 created a new judgment and that their West Virginia action, which was instituted within months of the revival, was barred by neither Ohio's, nor West Virginia's, statute of limitations.

■ As a general proposition, it appears that where an action is on a foreign judgment that has been revived, the computation of the period of limitations depends on whether the revival is a mere continuation of the original action or whether it constitutes a new action. On this point, 50 C.J.S. *Judgments* § 871b(2) (1947) states:

> Where a foreign judgment has been revived, it has been held in some jurisdictions that the statute commences to run from the date of revival, and not from the time when the judgment was first obtained, notwithstanding a want of personal service; and whether the proceeding to revive is denominated a new or an old action is immaterial. In other jurisdictions it has been held that, where a proceeding to revive a judgment is considered a mere continuance of the original suit, the judgment of revivor does not become the judgment, and an action on the revived judgment is on the original judgment, so that the bar of the action by limitations must be determined according to the judgment's original date.

In an early case, *Owens v. Henry*, 161 U.S. 642, 16 S.Ct. 693, 40 L.Ed. 837 (1896), the Supreme Court of the United States specifically held that the revival of a judgment by issuance of a *scire facias* which revived a Pennsylvania judgment did not so revive the judgment as to give it binding force against a defendant who resided in another state.

Echoing the rationale of this United States Supreme Court decision, the Appellate Court of Illinois in *Welch v. Downs*, 1 Ill.App.2d 424, 118 N.E.2d 51 (1954), held that a revivor suit instituted in Ohio, with respect to a deficiency judgment rendered therein, was *in personam* and service by publication on a non-resident of Ohio did not confer jurisdiction on the Ohio court which had jurisdiction of the judgment debtor in the original judgment proceeding. The court went on to hold that where the judgment was rendered in 1931 against a non-resident by an Ohio court, which at that time had personal jurisdiction over the non-resident, and a revivor's suit was brought with service of publication only in Ohio in 1952, and judgment was entered in the revivor suit against the non-resident, the revived judgment was barred by Illinois' five-year statute of limitations.

The facts in the present case are sufficiently similar to those in *Welch v. Downs, Id.*, for this Court to conclude that it is persuasive, and this Court believes that, given the circumstances, the appellants' claim that the Ohio revival created a new judgment for limitation purposes is without merit.

■ The Court is aware that the appellants claim that by applying the West Virginia statute of limitations and barring their enforcement of their Ohio judgment, the Circuit Court of Logan County has failed to give full faith and credit to their Ohio judgment and has thus violated the full faith and credit requirement of the United States Constitution.

This Court notes that the Supreme Court of the United States, in *Wells v. Simonds Abrasive Company*, 345 U.S. 514, 73 S.Ct. 856, 97 L.Ed. 1211 (1953), recognized that

the application of a statute of limitations to bar the enforcement of a foreign decree did not, in and of itself, constitute a denial of full faith and credit to that decree. The Court said:

> Long ago, we held that applying the statute of limitations of the forum to a foreign substantive right did not deny full faith and credit, *McElmoyle v. Cohen,* 13 Pet. 312 [10 L.Ed. 177] (1839); *Townsend v. Jemison,* 9 How. 407 [13 L.Ed. 194] (1850); *Bacon v. Howard,* 20 How. 22 [15 L.Ed. 811] (1857). Recently we referred to " . . . the well established principle of conflict of laws that 'If action is barred by the statute of limitations of the forum, no action can be maintained though action is not barred in the state where the cause of action arose.' *Restatement,* Conflict of Laws § 603 (1934)." *Order of United Commercial Travelers v. Wolfe,* 331 U.S. 586, 607 [67 S.Ct. 1355, 1365, 91 L.Ed. 1687] (1947).
>
> The rule that the limitations of the forum apply (which this Court has said meets the requirements of full faith and credit) is the usual conflicts rule of the states.

345 U.S. at 516–17, 73 S.Ct. at 857–58, 97 L.Ed. at 1215.

This rule is generally recognized, as indicated in 51 Am.Jur.2d *Limitation of Actions* § 66 (1970):

> Furthermore, the full faith and credit clause does not compel the forum state to use the period of limitation of a foreign state, and this is true whether the foreign right was known to the common law or arises under a foreign statute which has a period of limitation included in the section creating the right.

This Court concludes that the Circuit Court of Logan County properly determined that the West Virginia limitations period barred the enforcement of the Ohio judgment. Consequently, the judgment of the Circuit Court of Logan County is affirmed.

Affirmed.