452 S.E.2d 459

**Russell W. HAYES, Plaintiff Below,**

v.

**ROBERTS & SCHAEFER COMPANY, a Delaware Corporation, and J & K Erection Company, Inc., a Pennsylvania Corporation, Defendants Below.**

**No. 22298.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 28, 1994.

Decided Dec. 8, 1994.

Guy R. Bucci, Thomas N. White, III, Bucci, Chambers & Willis, Charleston, Harry M. Hatfield, Madison, for plaintiff.

Thomas S. Sweeney, Meyer, Darragh, Buckler, Bebenek & Eck, Charleston, for defendant, Roberts & Schaefer.

McHUGH, Justice:

This case is before this Court upon the certified questions from the Circuit Court of Boone County, West Virginia. The plaintiff is Russell W. Hayes, an employee of defendant, J & K Erection Company[1] (hereinafter "J & K"), an independent contractor, hired by defendant, Roberts & Schaefer (hereinafter "R & S"), a Delaware corporation.

### I

A brief recitation of the pertinent facts is as follows:

**January 11, 1989:** The plaintiff was injured when he fell from a roof at a coal preparation plant while working on a construction job in Pike County, Kentucky. R & S was the general contractor for construction of the preparation plant and it employed J & K as an independent contractor. The plaintiff was an employee of J & K and a resident of West Virginia.

**February 20, 1990:** The plaintiff filed a complaint against J & K and R & S with the trial court. The complaint alleged unsafe work conditions at the coal preparation plant being constructed by R & S.

**December 23, 1991, and July 2, 1992:** R & S filed two motions for summary judgment before the circuit court. R & S initially asserted that the claim was barred because

---

1. On March 20, 1992, J & K was dismissed from this action.

the plaintiff received workers' compensation benefits pursuant to Kentucky's workers' compensation law and that any further claims against R & S were precluded. R & S later asserted that the claim was barred pursuant to Kentucky's one-year statute of limitations for filing personal injury claims.

**September 20, 1993:** The trial court denied both of the defendant's motions. In support of its denial, the trial court stated, in relevant part, that the public policy of West Virginia would be offended through an application of Kentucky law because the plaintiff would be denied access to the courts and compensation for his injuries.

**February 22, 1994:** Upon a motion by the defendant, the trial court certified the following two questions to this Court:

1. Whether in this Court, in which jurisdiction and venue have been found to be proper, a personal injury claim of a West Virginia resident plaintiff whose employer, defendant J & K Erection engages in business activity in West Virginia, and J & K Erection which is in turn employed by defendant [R & S], which also engages in business activity in West Virginia and which plaintiff is injured in Kentucky, is the claim barred by operation of Kentucky's one year statute of limitations when the action is brought in this West Virginia Court within West Virginia's two year statute of limitations?

2. Whether the West Virginia Court will allow the claim of a West Virginia resident plaintiff against defendant [R & S] who conducts business activity in West Virginia, for failure to provide a safe place to work, when Kentucky does not recognize such a claim?

## II

We are asked to determine which statute of limitations is applicable to an action brought in West Virginia for an injury that occurred in Kentucky. In resolving this issue, we are guided by *W.Va.Code,* 55–2A–1, *et seq.,* in which West Virginia adopted the Uniform Statute of Limitations on Foreign Claims (hereinafter the "Act") in 1959.[2] Specifically, *W.Va.Code,* 55–2A–2 [1959] states that, "[t]he period of limitation applicable to a claim accruing outside of this State shall be either that prescribed by the law of the place where the claim accrued or by the law of this State, whichever bars the claim."[3]

■ R & S primarily contends that the plaintiff's claim accrued in Kentucky where the accident occurred, invoking *W.Va.Code,* 55–2A–2 [1959]. The plaintiff, however, argues that applying *W.Va.Code,* 55–2A–2 [1959] would be inappropriate, because no claim accrued outside of West Virginia in that no personal injury claim for an unsafe place to work exists in Kentucky. Kentucky law does not provide for such a claim, because the statutory laws of workers' compensation, *Kentucky Rev.Stat.Ann.* § 342.690 and § 342.700 (Michie 1993),[4] bestow immunity upon a contractor and a subcontractor from liability outside of the workers' compensation system.

Obviously, the two important words in *W.Va.Code,* 55–2A–2 [1959] are "claim" and "accrued." The Act defines claim as "any right of action which may be asserted in a civil action or proceeding and includes, but is not limited to, a right of action created by statute." *W.Va.Code,* 55–2A–1 [1959]. *See also* Uniform Statute of Limitations on Foreign Claims § 1, 14 U.L.A. 382 (1957). The word accrued is defined as "to arise, to happen, to come into force or existence[.]" *Black's Law Dictionary* 21 (6th ed. 1990).

■ In this instance, the claim accrued when and where the injury was sustained. *See Gwaltney v. Stone,* 387 Pa.Super. 492, 564 A.2d 498, 503 (1989) ("The accident occurred in Tennessee. Hence, the cause of

---

2. The Act has also been adopted by Oklahoma, in 1965, and Pennsylvania, in 1976. *See* Uniform Statute of Limitations on Foreign Claims, 14 U.L.A. 381 (1957).

3. Section 2 of the Act dealing with the periods of limitations on foreign claims, which *W.Va.Code,* 55–2A–2 [1959] is mirrored after, is what is re-

ferred to as a "borrowing statute." Uniform Statute of Limitations on Foreign Claims § 2, 14 U.L.A. 383 (1957).

4. § 342.700 was amended in 1994, but such amendment does not affect the outcome of this case.

action accrued in Tennessee.") and *Rostron v. Marriott Hotels*, 677 F.Supp. 801, 802 (E.D.Pa.1987) ("[A] cause of action accrues in the state where the final significant event essential to the bringing of a claim occurs. The essential event, here, was plaintiff's accident, which occurred on July 4, 1984." (citations omitted)). The injury occurred in Kentucky, therefore, the claim accrued in Kentucky.

Kentucky law provides: "(1) The following actions shall be commenced within one (1) year after the cause of action accrued: (a) An action for an injury to the person of the plaintiff[.]" *Kentucky Rev.Stat.Ann.* § 413.140(1)(a) (Michie 1992). In West Virginia, pursuant to *W.Va.Code*, 55–2–12(b) [1959], "[e]very personal action for which no limitation is otherwise prescribed shall be brought: (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries[.]"

■ In determining the applicability of statutes, we have historically recognized:

' " ' "A statute should be so read and applied as to make it accord with the spirit, purposes and objects of the general system of law of which it is intended to form a part; it being presumed that the legislators who drafted and passed it were familiar with all existing law, applicable to the subject matter, whether constitutional, statutory or common, and intended the statute to harmonize completely with the same and aid in the effectuation of the general purpose and design thereof, if its terms are consistent therewith." Syllabus Point 5, *State v. Snyder*, 64 W.Va. 659, 63 S.E. 385 (1908).' Syl. Pt. 1, *State ex rel. Simpkins v. Harvey*, [172] W.Va. [312], 305 S.E.2d 268 (1983)." Syl. Pt. 3, *Shell v. Bechtold*, 175 W.Va. 792, 338 S.E.2d 393 (1985).' Syl. pt. 1, *State v. White*, 188 W.Va. 534, 425 S.E.2d 210 (1992).

Syl. pt. 7, *State ex rel. Goff v. Merrifield*, 191 W.Va. 473, 446 S.E.2d 695 (1994). The spirit of *W.Va.Code*, 55–2A–2 [1959] clearly favors the extinguishment of the claim. *See Oakley v. Wagner*, 189 W.Va. 337, 340, 431 S.E.2d 676, 679 (1993). Thus, a clear reading of *W.Va.Code*, 55–2A–2 [1959] mandates the application of the Kentucky one-year statute of limitations because such application would bar the claim. *See Harrison v. Piedmont Aviation, Inc.*, 432 F.Supp. 980 (S.D.W.Va. 1977) (A West Virginia resident brought a personal injury claim in a federal court of West Virginia for injuries he sustained in Kentucky. In applying *W.Va.Code*, 55–2A–2 [1959], the court concluded that Kentucky's one-year statute of limitations pursuant to *Kentucky Rev.Stat.* Vol. 15, § 413.140(1)(a), and not West Virginia's two-year statute of limitations pursuant to *W.Va.Code*, 55–2–12 [1959], was applicable). *Gwaltney, supra,* 564 A.2d at 503 (The plaintiffs filed a personal injury claim in Pennsylvania for injuries sustained in Tennessee. Tennessee had a one-year statute of limitations for personal injuries and Pennsylvania had a two-year statute of limitations. The court held "[t]he Pennsylvania borrowing statute makes the shorter Tennessee statute of limitations applicable."). *See generally Perez v. Romney Orchards, Inc.*, 184 W.Va. 20, 399 S.E.2d 50 (1990).

In summary, we hold that *W.Va.Code*, 55–2A–2 [1959] provides that "[t]he period of limitation applicable to a claim accruing outside of [West Virginia] shall be either that prescribed by the law of the place where the claim accrued or by the law of [West Virginia], whichever bars the claim." Therefore, under *W.Va.Code*, 55–2A–2 [1959], when a person files a personal injury claim in West Virginia more than one year after the injury occurred in Kentucky, Kentucky's one-year statute of limitations for personal injuries, rather than West Virginia's two-year statute of limitations for personal injuries, is applicable because the Kentucky period of limitations would bar the claim.[5]

---

**5.** A review of the law in other jurisdictions has revealed other states have different borrowing statutes, and thus, various analytical approaches are utilized in applying the differing statutes. New York's borrowing statute, for example, favors the application of New York law only to New York residents. *See Stafford v. International*

*Harvester Co.*, 668 F.2d 142, 145 (2d Cir.1981). In Florida, when determining the applicability of that state's borrowing statute, the significant relationship test is employed so as to establish when the cause of action accrued. *See Celotex Corp. v. Meehan*, 523 So.2d 141, 144 (Fla.1988). Regarding the different methodologies used in

Based upon the resolution of the first certified question, the second certified question has been rendered moot. These certified questions having been answered, this case is dismissed from the docket of this Court and remanded to the Circuit Court of Boone County.[6]

Certified questions answered.

BROTHERTON, C.J., did not participate.

MILLER, Retired Justice, sitting by temporary assignment.

other jurisdictions, we note that it is difficult to formulate a legal principle capable of easy application.

6. This Court has maintained that "we retain some flexibility in determining how and to what extent [a certified question from a circuit court to us] will be answered." *City of Fairmont v. Retail, Wholesale, and Department Store Union, AFL–CIO,* 166 W.Va. 1, 3–4, 283 S.E.2d 589, 590 (1980), *citing West Virginia Water Service Co. v. Cunningham,* 143 W.Va. 1, 98 S.E.2d 891 (1957). *See also W.Va.Code,* 58–5–2 [1967]. We note that if the claim herein was brought within the one-year period, we would have addressed the issue raised in the second certified question. However, because the claim is time-barred, we need not address that issue in this opinion.