J-S48032-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| AFOLUSO ADESANYA AND ADENEKAN HEZEKIAH ADESANYA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| NOVARTIS PHARMACEUTICALS CORPORATION | : | No. 830 EDA 2018 |
| | : | |
| Appellee | : | |

Appeal from the Order Entered February 12, 2018
in the Court of Common Pleas of Montgomery County
Civil Division at No.:  2017-25091

BEFORE:   DUBOW, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                **FILED SEPTEMBER 18, 2018**

Appellants, Afoluso Adesanya and Adenekan Hezekiah Adesanya, wife and husband respectively, appeal *pro se* from the order denying their "Joint and Consolidated Petition to Strike Entry of Foreign Judgment and for Protection Order."  We affirm on the basis of the trial court opinion.

The trial court aptly summarizes the factual and procedural history of the case.  Therefore, we need not repeat them at length here.  For the convenience of the reader, we note briefly that Appellants appeal from the order denying their petition to strike a foreign judgment in favor of Appellee, Novartis Pharmaceuticals Corporation, which was transferred from New Jersey

_____

*   Retired Senior Judge assigned to the Superior Court.

pursuant to the Uniform Enforcement of Foreign Judgments Act (UEFJA), 42 Pa.C.S.A. § 4306.[1]

Our review of the record before us reflects that the suit underlying the foreign judgment stemmed from an employment dispute. Briefly summarized, Appellee claimed that Afoluso obtained employment by use of a fraudulent résumé, accepted relocation expenses to move from Pennsylvania to New Jersey, but did not in fact relocate, and while supposedly working full time for Appellee out of her home, developed and operated a consulting business which included rendering services to competitors of Appellee. Afoluso was eventually terminated over performance issues.

Afoluso sued. The New Jersey district court granted summary judgment in favor of Appellee.[2] Appellee transferred the district court judgments to the Montgomery County Court of Common Pleas. The trial court denied Appellants' petitions to strike the judgments. This timely appeal followed. The trial court did not order a statement of errors. *See* Pa.R.A.P. 1925(b).

Appellants present three over-lapping questions for our review, which we reproduce verbatim:

> a. The review of entry of Foreign Judgment is a technical review;

---

[1] *See* Pa.R.A.P. 311(a)(1) (providing for interlocutory appeal as of right for order refusing to strike off judgment).

[2] Both briefs represent that the federal case is pending appeal in the Third Circuit. (*See* Appellants' Brief, at 8; Appellee's Brief, at 4).

i. Did the Trial Court err as a matter of Law by not giving Full review on the technical requirements per statute governing the entry of foreign judgment in Pennsylvania? (*See* 42 Pa. C.S. § 4306(b))

b. Did the Trial Court abuse its discretion by overlooking the fatal errors on face of record at entry?

c. Did the Trial Court abuse its discretion by ignoring its own findings of severe violations by Novartis and other infarctions (sic) during the proceedings prior to and after final rule but before Opinion was issued?

(Appellants' Brief, at 7).

Our standard of review from the denial of a petition to strike a judgment is limited to whether the trial court manifestly abused its discretion or committed an error of law. The full faith and credit clause of the United States Constitution requires state courts to recognize and enforce the judgments of sister states. U.S. Const. Art. 4, § 1.

***Reco Equip., Inc. v. John T. Subrick Contracting, Inc.***, 780 A.2d 684, 686 (Pa. Super. 2001), *appeal denied*, 790 A.2d 1018 (Pa. 2001) (citation omitted). "As with all questions of law, the appellate standard of review is *de novo* and the appellate scope of review is plenary." ***Olympus Corp. v. Canady***, 962 A.2d 671, 673 (Pa. Super. 2008) (citation omitted).

Appellants' questions all implicate the entry of the foreign judgment, based on the allegation of technical errors. We review them together.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Gary S. Silow, we conclude that Appellants' issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented.

(**See** Trial Court Opinion, 4/27/18, at 2-4) (concluding that Appellee submitted a properly certified and authenticated copy of the district court's judgment, and docket, in compliance with UEFJA, 42 Pa.C.S.A. § 4306 (enforcement of foreign judgments) and 42 Pa.C.S.A. § 5328 (proof of official records)).

Accordingly, we affirm on the basis of the trial court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/18/18

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY,
PENNSYLVANIA
CIVIL DIVISION**

AFOLUSO ADESANYA and                :        NO. 17-25091
ADENEKAN HEZEKIAH ADESANYA          :
    Plaintiffs                      :
                                    :
    v.                              :
                                    :
                                    :
NOVARTIS PHARMACEUTICALS            :
CORPORATION                         :
    Defendant                       :



2017-25091-0058  4/27/2018 2:40 PM  # 11755191
Rcpt#Z3382417 Fee:$0.00 Opinion
Main (Public)
MontCo Prothonotary

## O P I N I O N

**SILOW, J.**                                    **APRIL 27, 2018**

Afoluso Adesanya and Adenekan Hezekiah Adesanya ("petitioners")

appeal *pro se* from the Order dated February 9, 2018,[1] which denied their

"Joint and Consolidated Petition to Strike Entry of Foreign Judgment and for

Protection Order." For the reasons set forth below, the Order should be

affirmed.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Afoluso Adesanya sued Novartis Pharmaceuticals Corporation

("Novartis") in U.S. District Court for the District of New Jersey. Novartis

counterclaimed. The District Court ultimately entered judgment against

Afoluso Adesanya on her claims and certain of Novartis' counterclaims and

entered a judgment in favor of Novartis against Adenekan Hezekiah Adesanya,

the husband of Afoluso Adesanya.

---

[1] The Order was docketed on February 12, 2018.

Novartis subsequently transferred the District Court judgments to this court. Petitioners, appearing *pro se*, filed the instant "Joint and Consolidated Petition to Strike Entry of Foreign Judgment and for Protection Order" on November 6, 2017. Novartis opposed the Petition and this court denied relief by Order dated February 9, 2018. Petitioners filed a timely notice of appeal.[2]

## II.   DISCUSSION

### 1.   This court properly denied the Petition to Strike Entry of Foreign Judgment and for Protection Order.

Petitioners asserted in support of their Petition that a fatal defect exists because the foreign judgment documents were not authenticated pursuant to 42 Pa. C.S. § 4306 and 28 U.S.C. § 1738.[3] They further contended that the documents filed by Novartis in this court contain a fatal defect because they identify Adenekan Hezekiah Adesanya as a plaintiff.[4]

Pennsylvania's "Uniform Enforcement of Foreign Judgments Act," provides, relevantly, that:

> A copy of any foreign judgment including the docket
> entries incidental thereto authenticated in accordance
> with act of Congress or this title may be filed in the
> office of the clerk of any court of common pleas of this
> Commonwealth. The clerk shall treat the foreign

---

[2] This court did not order petitioners to file a concise statement of errors.

[3] Petitioners have not challenged the actual authenticity of the docket entries and judgment orders.

[4] Mr. Adesanya is identified as an "interested party" on the certified copy of the District Court's Civil Docket, which is attached to Novartis' "Praecipe for Entry of Appearance, Transfer of Judgment, Assessment of Damages and Verification of Addresses, Validity and Non Military Service."

judgment in the same manner as a judgment of any court of common pleas of this Commonwealth. A judgment so filed shall be a lien as of the date of filing and shall have the same effect and be subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of any court of common pleas of this Commonwealth and may be enforced or satisfied in like manner.

42 Pa. C.S. § 4306(b).

The "act of Congress" relied upon by petitioners is 28 U.S.C. § 1738, which provides, relevantly, that:

The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.

Id.

As Novartis countered in its answer to the Petition, however, the docket entries and order for judgments contain a certification from the Clerk of the District Court that accords with 42 Pa. C.S. § 5238, which states, relevantly:

An official record kept within the United States, or any state, district, commonwealth, territory, insular possession thereof, or the Panama Canal Zone, the Trust Territory of the Pacific Islands, or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy, and accompanied by a certificate that the officer has the custody. The certificate may be made by a judge of a court of record having jurisdiction in the governmental unit in which the record is kept, authenticated by the seal of the court, or by any public officer having a seal of office

3

and having official duties in the governmental unit in which the record is kept, authenticated by the seal of his office.

42 Pa. C.S. § 5328(a).[5]

Here, the docket entries and judgment order from the District Court are certified in a manner that conforms with 42 Pa. C.S. § 5328(a). Petitioners' challenge to the transfer of the foreign judgment to this court, therefore, fails.[6]

## III.   CONCLUSION

Based upon the foregoing, the Order denying defendant's Petition to Strike Entry of Foreign Judgment and for Protection Order should be affirmed.

BY THE COURT:

_____
GARY S. SILOW,         J.

Sent on 4/27/18 to:
Prothonotary (Original)
Afoluso Adesanya, *pro se*
Adenekan Adesanya, *pro se*
Drew Salaman, Esq.

_____
Judicial Assistant

---

[5] Novartis further directed this court to *Medina & Medina, Inc. v. Gurrentz Intern. Corp.*, 450 A.2d 108 (Pa. Super. 1982), which stands for the proposition that a foreign record may by authenticated under either federal law or 42 Pa. C.S. § 5328.

[6] Petitioners provided no authority for striking the entry of the foreign judgment on the basis that Novartis' filings in this court identify both petitioners as plaintiffs. In addition, because this court properly denied the Petition, petitioners' related request for a protection order is moot.

4