484 S.E.2d 192

**ESTATE OF Jesse J. COOK, Plaintiff Below, Appellant**

v.

**Lillian S. COOK, Defendant Below, Appellee.**

No. 23553.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 5, 1997.

Decided March 14, 1997.

J.W. St. Clair, St. Clair and Levine, Huntington, for Appellant.

Claude S. Smith, III, Charleston, for Appellee.

**PER CURIAM:**

The Estate of Jesse J. Cook appeals an order of the Circuit Court of Wyoming County refusing to give full faith and credit to a divorce order entered by a Illinois court. The Estate of Jesse J. Cook ("Estate") maintains that Lillian S. Cook, the former wife of Jesse J. Cook, after initially protesting the Illinois court's jurisdiction, made a general appearance and litigated the divorce before the Illinois court. Because the circuit court erred in failing to give full faith and credit to the order of a sister state, we reverse and remand this case to the circuit court with directions to enter an order enforcing the Illinois judgment.

## I.

### Facts and Background

After over twenty years of marriage, Mr. and Mrs. Cook separated in 1992. Although Mrs. Cook continued to live in West Virginia, Mr. Cook moved to Illinois. On November 22, 1992, Mr. Cook filed for a divorce in Illinois and requested equitable distribution of the marital estate. On February 19, 1993, Mrs. Cook, by her attorney, filed a motion to dismiss alleging the Illinois court lacked jurisdiction over her. Mr. Cook asserted that by failing to make a special appearance to contest jurisdiction, Mrs. Cook had waived her objection to a lack of jurisdiction. Thereafter, Mrs. Cook filed a reply and a motion to amend permitting her to make a special appearance. After the Illinois court denied Mrs. Cook's motions to dismiss and to amend, Mrs. Cook, without appealing the denial of her motions, filed an answer to Mr. Cook's petition for a divorce. In her answer, Mrs. Cook requested the Illinois court grant her a divorce, equitably distribute the marital estate, apportion the marital debt and "such other relief ... this Honorable Court deems just." Because Mrs. Cook could not attend a hearing on the divorce scheduled for October 13, 1993, she moved the Illinois court for a continuance. After the Illinois court denied her motion for a continuance, Mrs. Cook's lawyer appeared on her behalf at the October 13, 1993 hearing.

By order entered on November 9, 1993, the Illinois court granted Mr. and Mrs. Cook

a divorce, awarded Mr. Cook maintenance/alimony and distributed the marital estate, the bulk of which was located in West Virginia. According to the notice of appeal, filed in the St. Clair County Circuit Court on November 10, 1993, Mrs. Cook's ground for appeal was that her motion for a continuance of the October 13, 1993 hearing should have been granted. However, her appeal failed to mention any error relating to the jurisdictional ruling.[1] Mrs. Cook's appeals were denied by the Illinois Appellate Court and the Illinois Supreme Court. *See Cook v. Cook,* No. 92 D 1244 (20th Cir., St. Clair County, Ill., Nov. 9, 1993) (decision granting divorce and distributing property), *aff'd,* No. 5–93–0748 (5th Dist. Ill. Appellate Ct. Sept. 2, 1994), *petition for leave to appeal denied,* 161 Ill.2d 524, 208 Ill.Dec. 358, 649 N.E.2d 414 (1995).[2]

On June 1, 1995, the Estate filed its affidavit with the Illinois divorce decree attached in the Wyoming County Circuit Court, seeking to have the Illinois judgment enforced. Mrs. Cook objected to the enforcement of the Illinois judgment, again raising the issue of the Illinois court's lack of jurisdiction. Finding the Illinois court lacked jurisdiction, the circuit court dismissed the Estate's suit. After the circuit court refused to reconsider its ruling, the Estate appealed to this Court.

## II.

### *Discussion*

 The central legal issue presented in this case is whether the Illinois divorce decree is entitled to full faith and credit in West Virginia. We have consistently granted full faith and credit to the judgment of a sister state under the following principles:

"Under Section 1, Article IV of the Constitution of the United States, the judgment or decree of a court of record of another state will be given full faith and credit in the courts of this State, unless it be clearly shown by pleading and proof that the court of such other state was without jurisdiction to render the same, or that it was procured through fraud." Syllabus Point 1, *Johnson v. Huntington Moving & Storage, Inc.,* 160 W.Va. 796, 239 S.E.2d 128 (1977).

Syllabus Point 2, *Gonzalez Perez v. Romney Orchards, Inc.,* 184 W.Va. 20, 399 S.E.2d 50 (1990).

"By virtue of the full faith and credit clause of the *Constitution of the United States,* a judgment of a court of another state has the same force and effect in this state as it has in the state in which it was pronounced." Syl. Pt. 3, *State ex rel. Lynn v. Eddy,* 152 W.Va. 345, 163 S.E.2d 472 (1968).

Syllabus Point 3, *Lemley v. Barr,* 176 W.Va. 378, 343 S.E.2d 101 (1986).

 In *Lemley,* 176 W.Va. at 382, 343 S.E.2d at 105, we said that a foreign judgment must be enforced unless we find that the court rendering that judgment lacked jurisdiction. However, "[u]nless a foreign state exceeds its powers under the *Constitution of the United States,* the law of the foreign state governs the determination of whether the court of a foreign state has jurisdiction. (citation omitted)." *Lemley, id.* Accordingly, the law of Illinois determines the validity of the Illinois court's jurisdiction. In *Sheila L. v. Ronald P.M.,* 195 W.Va. 210, 216, 465 S.E.2d 210, 216 (1995), we said that "[j]urisdictional issues can be challenged to the extent they were not fairly litigated in the sister state."[3]

 In this case, when the divorce was sought in Illinois, Mrs. Cook attempted to object to jurisdiction. When her motions were denied, she did not appeal; rather, she

---

1. Mr. Cook died on July 24, 1994 and his will was admitted to probate in the St. Clair County, Ill., Circuit Court on August 17, 1994.

2. Although counsel for Mrs. Cook indicated the matter was appealed to the U.S. Supreme Court and the Estate's counsel said the appeal was denied, no citations were provided and our research failed to disclose any information.

3. Simple statements in a judgment asserting jurisdiction do not require blind acceptance. In

*Stewart v. Stewart,* 169 W.Va. 1, 5, 289 S.E.2d 652, 654 (1980), quoting, *Durfee v. Duke,* 375 U.S. 106, 111, 84 S.Ct. 242, 245, 11 L.Ed.2d 186, 191 (1963), we stated:

[W]hile it is established that a court in one State, when asked to give effect to the judgment of a court in another State, may constitutionally inquire into the foreign court's jurisdiction to render that judgment, the modern decisions of this Court have carefully delineated the permissible scope of such an inquiry.

made a general appearance requesting relief from the Illinois court. Syllabus Point 5 of *Lemley* states:

"At an appearance in a suit or action for any purpose other than to question the jurisdiction of the court, or to set up a lack of process, or defective service is a general appearance." Syl. Pt. 1, *Stone v. Rudolph,* 127 W.Va. 335, 32 S.E.2d 742 (1944).

After the November 9, 1993 order was entered, Mrs. Cook appealed, but she did not appeal the issue of jurisdiction. Thereafter the judgment was affirmed by the appellate court and the Illinois Supreme Court. Because of her general appearance and the lack of an appeal of the denial of her motions on the jurisdiction question, the November 9, 1993 order is valid in Illinois.

A similar fact pattern was discussed by the U.S. Supreme Court in *Baldwin v. Iowa State Traveling Men's Ass'n,* 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244 (1931). In *Baldwin,* the respondent, an Iowa corporation, made a special appearance in the District Court for Western Missouri to litigate the question of jurisdiction.[4] The respondent's motion to dismiss the case for want of jurisdiction of its person was overruled. No pleading was filed by the respondent, the case proceeded, and judgment was entered against the respondent. The petitioner then sought to enforce the Western Missouri District Court's judgment in the District Court for Southern Iowa. The respondent again alleged that the Western Missouri District Court lacked jurisdiction and sought to avoid enforcement of the order. The U.S. Supreme Court found the judgment was *res judicata* because "those who have contested an issue shall be bound by the result of the contest; and that matters once tried shall be considered forever settled as between the parties." 283 U.S. at 524, 51 S.Ct. at 518, 75 L.Ed. at 1247. The U.S. Supreme Court noted that if no appearance had been made and judgment was subsequently entered, then the respondent could have presented

the jurisdiction issue in the second case when enforcement of the order was sought. However, once the issue is presented and decided, the parties are bound.

We find that because the issue of jurisdiction was raised by Mrs. Cook before the Illinois court, she is precluded from raising that issue again. Mrs. Cook, after appearing before the Illinois court, should have used that judicial system to address her dissatisfaction with the decision. We hold that the circuit court erred in re-litigating the previously decided issue of the jurisdiction of the Illinois court, and therefore, we reverse the circuit court and remand with directions to give full faith and credit to the Illinois judgment.

For the above stated reasons, the judgment of the Circuit Court of Wyoming County is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

---

From these decisions there emerges the general rule that a judgment is entitled to full faith and credit—even as to questions of jurisdiction—when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment.

**4.** Because neither of the courts in *Baldwin* was a state court, the full faith and credit clause was not involved.