490 S.E.2d 19

**Ramona WEETHEE, Andrea Jo Weethee, by her Next Friend, Robert Weethee, Plaintiffs Below, Appellants,**

v.

**HOLZER CLINIC, INC., d/b/a Holzer Medical Center; Laurel A. Kirkhart, M.D.; and Judy F. Burroughs, M.D., Defendants Below, Appellees.**

No. 23815.

Supreme Court of Appeals of West Virginia.

Submitted May 6, 1997.

Decided June 2, 1997.

418

Gail Henderson–Staples, Henderson, Henderson & Staples, L.C., Huntington, J. Stewart Kaiser, Chesapeake, Ohio, for Appellants.

William J. Cooper, William F. Foster, II, Sprague W. Hazard, Jacobson, Maynard, Tuschman & Kalur, Charleston, for Appellees.

PER CURIAM:

This case is before this Court on an appeal by plaintiffs Ramona Weethee and Robert Weethee from the February 16, 1996 order granting the summary judgment motions of defendants Holzer Clinic, Inc., d/b/a Holzer Medical Center, Laurel A. Kirkhart, M.D. and Judy F. Burroughs, M.D. The Circuit Court of Mason County concluded that the present action was not timely filed and that West Virginia's savings statute, *W.Va.Code,* 55–2–18 [1985], did not apply even though plaintiffs filed the original action in federal court located in West Virginia within the applicable statute of limitations.

This Court has before it the petition for appeal, all matters of record and the briefs and argument of counsel. For the reasons discussed below, the order of the circuit court is reversed and this case is remanded.

## I.

### Facts and Procedural Background

The facts relevant to this appeal are primarily procedural in nature and are, for the most part, undisputed. In December of 1991, plaintiff Ramona Weethee, a resident of Mason County, West Virginia, underwent a Pomeroy tubal ligation at the Holzer Clinic (hereinafter "Clinic") in Gallipolis, Ohio. Defendant Dr. Kirkhart performed this sterilization procedure and defendant Dr. Burroughs interpreted the pathology slides taken therefrom.

On April 9, 1993, Mrs. Weethee returned to the Clinic where she was seen by Dr. Kirkhart and where she was informed that she was pregnant. On October 27, 1993, Mrs. Weethee gave birth to a daughter, Andrea Jo Weethee. According to her parents, Andrea Jo Weethee was born with a genetic abnormality known as Alpha–Antitrypsin Deficiency, a disease occasionally leading to hepatitis and cirrhosis in infants, children and adolescents and for which there is no cure.

On October 19, 1994, within one year of Andrea Jo Weethee's birth, plaintiffs filed a "180 day letter" pursuant to Ohio Rev.Code Ann. § 2305.11(B)(1) (Anderson 1985),[1] extending Ohio's one-year medical malpractice statute of limitations by 180 days, to April 16, 1995. On March 29, 1995, plaintiffs timely filed suit in the United States District Court for the Southern District of West Virginia, on the basis of diversity of citizenship,[2] alleging negligence which caused the unwanted pregnancy and resulting in the birth of a genetically abnormal child.

By order entered July 24, 1995, after expiration of the applicable statute of limitations, plaintiffs' federal court action was dismissed, without prejudice, for lack of diversity juris-

1.  Ohio Rev.Code Ann. § 2305.11(B)(1) (Anderson 1985) provides, in relevant part:
    Subject to division (B)(2) of this section, an action upon a medical … claim shall be commenced within one year after the action accrued, except that, if prior to the expiration of that one-year period, a claimant who allegedly possesses a medical … claim gives to the person who is the subject of that claim written notice that the claimant is considering bringing an action upon that claim, that action may be commenced against the person notified at any time within one hundred eighty days after the notice is so given.

2.  *See* 28 U.S.C. § 1332 (1988).

diction.[3] On August 23, 1995, plaintiffs filed a second lawsuit (the present lawsuit) in the Circuit Court of Mason County, which lawsuit was identical to the one previously dismissed from federal court.

Defendants subsequently filed motions for summary judgment, or in the alternative, for partial summary judgment. Defendants' motion for summary judgment sought dismissal of plaintiffs' lawsuit on the ground that it was not filed within the applicable statute of limitations.[4]

Following a hearing on December 6, 1995, the circuit court ruled that the statute of limitations began to run on October 27, 1993, the date of Andrea Jo Weethee's birth, and not on April 9, 1993, the date Mrs. Weethee learned she was pregnant. The circuit court further ruled that the substantive law of Ohio and the procedural law of West Virginia applied.

A subsequent hearing was conducted on January 19, 1996, following which the circuit court granted defendants' motion for summary judgment. The circuit court concluded, in its February 16, 1996 order, that plaintiffs failed to file the present action within the one year and 180 day Ohio statute of limitations and that the statute of limitations was not extended an additional year by West Virginia's savings statute, W.Va.Code, 55–2–18 [1985].[5]

## II.

### Standard of Review

■ The issue before this Court is purely a legal one, involving whether our savings statute, W.Va.Code, 55–2–18 [1985], applies to cases in which our borrowing statute, W.Va.Code, 55–2A–2 [1959], is also invoked. We review de novo the legal issue presented: " 'Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a de novo standard of review.' Syllabus Point 1, Chrystal R.M. v. Charlie A.L., 194 W.Va. 138, 459 S.E.2d 415 (1995)." Syl. pt. 1, McKinney v. Fairchild Int'l, Inc., 199 W.Va. 718, 487 S.E.2d 913 (1997).

## III.

### Discussion

It is undisputed that the claim in this case accrued in Ohio, where Mrs. Weethee underwent the sterilization procedure. It is also undisputed that West Virginia's borrowing statute, W.Va.Code, 55–2A–2 [1959], requires that where a claim accrues outside of West Virginia, the period of limitation which bars the claim—either that of the state where the claim accrued or West Virginia's—is to be applied. W.Va.Code, 55–2A–2 [1959] provides: "The period of limitation applicable to a claim accruing outside of this State shall be either that prescribed by the law of the place

---

**3.** Defendant Dr. Burroughs was no longer a resident of Ohio but had become a resident of Beckley, West Virginia, thereby defeating diversity jurisdiction.

**4.** Defendants' motion for partial summary judgment sought a limitation of recoverable damages in plaintiffs' wrongful pregnancy action. See n. 5, infra.

**5.** The circuit court's February 16, 1996 order further addressed defendants' motion for partial summary judgment on limitation of damages and specifically, their contention that, under Ohio law, plaintiffs may not recover damages associated with the cost of raising a genetically abnormal child born as the result of a failed sterilization procedure, but may only recover damages associated with the cost of the pregnancy. See Johnson v. University Hospitals of Cleveland, 44 Ohio St.3d 49, 540 N.E.2d 1370 (1989) (holding that when a failed sterilization procedure results in the birth of a normal, healthy child, recovery of

damages is limited to costs associated with the pregnancy.)

The circuit court, acknowledging that the Ohio Supreme Court has never decided whether parents may recover child-rearing expenses when a failed sterilization procedure results in the birth of a genetically abnormal child, determined that, under Ohio law, damages recoverable in such an action are limited to those associated with the cost of the pregnancy and do not include child-rearing expenses.

The circuit court first decided and then presented to this Court a rather complex issue, see James G. v. Caserta, 175 W.Va. 406, 332 S.E.2d 872 (1985), on a motion for summary judgment, without the benefit of a fully developed record regarding the extent of Andrea Jo Weethee's genetic abnormalities and the resulting costs expected to be incurred. In light of the limited record before us, it would be premature for this Court to address this issue at this time. We therefore decline to do so.

where the claim accrued or by the law of this State, whichever bars the claim."

As we held in syllabus point two of *McKinney, supra:* " '*W.Va.Code,* 55–2A–2 [1959] provides that "[t]he period of limitation applicable to a claim accruing outside of [West Virginia] shall be either that prescribed by the law of the place where the claim accrued or by the law of [West Virginia], whichever bars the claim." ' Syllabus Point 2, *Hayes v. Roberts & Schaefer Co.,* 192 W.Va. 368, 452 S.E.2d 459 (1994)."

Pursuant to *W.Va.Code,* 55–2A–2 [1959], plaintiffs filed the original action in United States District Court for the Southern District of West Virginia within the shorter limitation period, Ohio's one-year and 180–day statute of limitations. *See* Ohio Rev.Code Ann. § 2305.11(B)(1) (Anderson 1985) at n. 1, *supra.* Though that action was subsequently dismissed on procedural grounds after the applicable statute of limitations had expired, plaintiffs contend that West Virginia's savings statute, *W.Va.Code,* 55–2–18 [1985], should be applied, thus extending the statute of limitations an additional year from the date of dismissal of the federal court action.[6] *W.Va.Code,* 55–2–18 [1985], our savings statute, provides, in pertinent part:

> If any action or suit ... commenced within due time, in the name of or against one or more plaintiffs or defendants, abate as to one of them ... or if, an action or suit ... commenced within due time, judgment or decree (or other and further proceedings) for the plaintiffs should be arrested or reversed on a ground which does not preclude a new action or suit for the same cause, or if there be occasion to bring a new action or suit by reason of such cause having been dismissed for want of security for costs, or by reason of any other cause which could not be plead in bar of an action or suit ... in every such case, notwithstanding the expiration of the time within which a new action or suit must otherwise have been brought, the same may be brought within one year after such abatement, dismissal or other cause[.]

This Court recently addressed a similar situation in *McKinney, supra.* In *McKinney,* plaintiff Charles McKinney, a West Virginia resident, was injured in Kentucky, allegedly by a machine manufactured by Fairchild International, a West Virginia corporation. Mr. and Mrs. McKinney originally filed suit in federal court located in West Virginia within Kentucky's one-year statute of limitations, which limitation period was shorter than West Virginia's two-year statute of limitations. *W.Va.Code,* 55–2A–2 [1959]. The federal court action was later dismissed for lack of subject matter jurisdiction and the McKinneys filed a second suit in the Circuit Court of Raleigh County, West Virginia. Because the federal court action was dismissed after Kentucky's one year statute of limitations had expired, the second action subsequently filed in circuit court was likewise filed after expiration of the limitations period.

It was the McKinneys' contention that West Virginia's savings statute, *W.Va.Code,* 55–2–18 [1985], provided a one-year extension of Kentucky's statute of limitations for instituting a second action where the original action was timely filed but terminated upon a ground not addressing the merits. *McKinney,* at p. 723, 487 S.E.2d p. 918. Though the defendant, in *McKinney,* argued that most jurisdictions borrow not only the other state's applicable statute of limitations, but its tolling provisions as well, *id.* at p. 725, 487 S.E.2d at p. 920, this Court also observed that "[a] number of courts have adopted the position that once an action is filed timely, the operation of the borrowing statute ceases and 'the court must necessarily ascertain the rights of the parties under such statute in accordance with its own rules of pleading and procedure and not in accordance with those of the foreign jurisdiction.' " *Id.* at 726, 487 S.E.2d at 921 (*quoting Knight v. Moline E.M. & W. Ry. Co.,* 160 Iowa 160, 140 N.W. 839, 842 (1913)).

In *McKinney,* upon examination of other states' borrowing statutes, we pointed out that "none of these jurisdictions has the same statutory language as West Virginia[,]"

---

**6.** As indicated above, the federal court action was dismissed by order entered July 24, 1995.

Plaintiffs subsequently filed the present action on August 23, 1995.

*id.* at 725–26, 487 S.E.2d at 920–21, that there was "little uniformity in construction" among them and that " '[c]ases interpreting one of these statutes, or defining its scope, have little relevance to other differently worded statutes.' " *Id.* at 726, 487 S.E.2d at 921 (*quoting American Conflicts Law* § 128 (Robert A. Leflar, Luther L. McDougal, III, & Robert L. Felix eds. 4th ed.1986)). We thus concluded in syllabus point four of *McKinney* that

> *W.Va.Code,* 55–2A–2 [1959] does not require the application of any tolling provisions from the place where the claim accrued when a claim accruing outside West Virginia is filed in this State.[7] The determination of which state's tolling provisions should be applied is to be resolved under conflicts of laws provisions.

(footnote added).

In *McKinney,* we recognized two approaches to conflicts of laws. *Id.* at p. 727–28, 487 S.E.2d at p. 922–23. Under the traditional approach, the *lex loci delicti* choice-of-law rule, though "the substantive rights between the parties are determined by the law of the place of injury ... West Virginia procedure applies to all cases before West Virginia courts." *Id.* at 727, 487 S.E.2d at 922. *See Vest v. St. Albans Psychiatric Hospital, Inc.,* 182 W.Va. 228, 229–30, 387 S.E.2d 282, 283–84 (1989). Statute of limitations are traditionally considered to be procedural. *McKinney,* at p. 727, 487 S.E.2d at p. 922.

■ Under the modern approach to conflicts of laws, "if another state has a more significant relationship to the transaction and the parties, ... the tolling provisions of the state with the significant relationship should apply." *Id.* at 728, 487 S.E.2d at 923. Accordingly, in syllabus point five of *McKinney,* we held that "[w]here a choice of law question arises about whether the tolling provisions of West Virginia, *W.Va.Code,* 55–2–18 [1985] or of the place where the claim accrued should be applied, the circuit court should ordinarily apply West Virginia law, unless the place where the claim accrued has a more significant relationship to the transaction and the parties."

This case is therefore remanded to the circuit court to determine, in light of the principles set forth in this opinion, which state's tolling provision should be applied in this case. The circuit court should apply West Virginia's savings statute, *W.Va.Code,* 55–2–18 [1985], unless it determines that Ohio, the place where the claim accrued, has a more significant relationship to the transaction and the parties. If it determines that Ohio has a more significant relationship, then it should apply Ohio's savings statute, Ohio Rev.Code Ann. § 2305.19 (Anderson 1985). *McKinney,* at syl. pt. 5. *See* n. 7, *supra.*

Reversed and remanded.

---

7. In *McKinney,* we observed that, unlike West Virginia's savings statute, *W.Va.Code,* 55–2–18 [1985], Kentucky's savings statute, Ky.Rev.Stat. Ann. 413.270 [1958], expressly "predicates any extension upon the filing of the original action in [either federal or state courts physically located in] the State of Kentucky." *McKinney,* at 723, 487 S.E.2d at 918. Likewise, in the present case, the Ohio Supreme Court has interpreted Ohio's savings statute, Ohio Rev.Code Ann. § 2305.19 (Anderson 1985), to apply only to actions "commenced or attempted to be commenced" *in Ohio* within the appropriate statute of limitations. *Howard v. Allen,* 30 Ohio St.2d 130, 283 N.E.2d 167 (1972). Consequently, plaintiffs in the present case have never argued that the Ohio savings statute should be applied to extend the limitations period, as the original lawsuit was not "commenced or attempted to be commenced" in Ohio. *Id.*