**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARCELLA JO ADAMS, Individually
and as Administratrix of the Estate
of Raymond Adams,
<u>Plaintiff-Appellant,</u>

and

RAYMOND ADAMS, Deceased,                                    No. 97-2547
<u>Plaintiff,</u>

v.

RAY A. HARRON; W. ALVA
DEARDORFF,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Dennis Raymond Knapp, Senior District Judge.
(CA-97-657-2)

Argued: June 7, 1999

Decided: September 13, 1999

Before MURNAGHAN, NIEMEYER, and LUTTIG,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Gordon J. Dill, Ashland, Kentucky, for Appellant. D. C.
Offutt, Jr., OFFUTT, FISHER & NORD, Huntington, West Virginia,

for Appellee Harron; Fred B. Westfall, Jr., FLAHERTY, SENSA-BAUGH & BONASSO, P.L.L.C., Charleston, West Virginia, for Appellee Deardorff. **ON BRIEF:** Rodney S. Justice, Ashland, Kentucky; Jeffrey L. Preston, Catlettsburg, Kentucky, for Appellant. Aaron B. Alexander, MCQUEEN, HARMON & POTTER, L.L.C., Charleston, West Virginia, for Appellee Deardorff.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Marcella Jo Adams brought this action both as widow of her husband Raymond Adams and as executrix of his estate, alleging medical malpractice and negligence by Dr. Ray Harron and Dr. W. Alva Deardorff. She alleged that Dr. Deardorff failed to diagnose Raymond Adams' cancer and that Dr. Harron failed to communicate his diagnosis to Adams. Finding that there was no doctor-patient relationship between Raymond Adams and these doctors, the district court granted the doctors' motion for summary judgment. We affirm.

As part of a client-solicitation process, the Charleston law firm of Sutter & Enslein solicited current and former employees of Armco Steel Corporation, in Ashland, Kentucky, offering to take free chest x-rays for the purpose of determining whether the employees qualified as plaintiffs in possible asbestosis litigation. Raymond Adams, a retired employee of Armco, responded to the offer and had his chest x-ray taken at a medical center in Ashland, Kentucky.

Sutter & Enslein collected the x-rays, numbering in the hundreds, and delivered them to two radiologists, Dr. Harron, who maintained his office in Bridgeport, West Virginia, and Dr. Deardorff, who maintained his office in South Charleston, West Virginia. The firm had hired these doctors to interpret and classify the chest x-rays, using the

2

standard ILO (International Labour Office) Classification System, to report their findings on standard ILO forms, and to serve, as they had often done previously, as expert witnesses at trial. The doctors were paid a fixed fee for each x-ray interpreted.

Sutter & Enslein delivered one stack of x-rays to Dr. Deardorff in December 1994, including the x-ray of Raymond Adams, and Deardorff interpreted these x-rays in January 1995. He did not diagnose Adams' x-ray as revealing any lung cancer. The firm also delivered a stack of x-rays, including Adams' x-ray, to Dr. Harron in July 1995, and Dr. Harron interpreted these x-rays that month. Dr. Harron noted from Adams' x-ray that he might have cancer and notified Sutter & Enslein of his finding, suggesting that Adams be told to see a family doctor. Sutter & Enslein, however, never notified Raymond Adams of this diagnosis or of Dr. Harron's recommendation to see a doctor.

Both Dr. Harron and Dr. Deardorff reviewed the x-rays in West Virginia and delivered their reports to Sutter & Enslein in West Virginia. They never saw the individuals whose x-rays they were reviewing, and they had no information about the individuals other than their names.

About a year after Dr. Harron had discovered Adams' cancer, Adams was diagnosed with cancer after having an unrelated x-ray by his own doctor. On February 23, 1997, Adams died of lung cancer. His wife, Marcella Jo Adams, brought this action in her capacities as widow and as administratrix of Raymond Adams' estate.

Applying the law of West Virginia, the district court held that Marcella Adams could not maintain a medical malpractice claim against either Dr. Deardorff or Dr. Harron because neither entered into a doctor-patient relationship with Raymond Adams. Accordingly, the court granted Dr. Deardorff's motion for summary judgment and Dr. Harron's motion to dismiss for failure to state a claim. This appeal followed.

Because this case was filed in a federal district court in West Virginia, we follow West Virginia's choice of law rules in determining what law to apply. See Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 496-97 (1941). West Virginia follows the lex loci delicti

3

choice of law rule which provides that the "substantive rights between the parties are determined by the law of the place of injury." Vest v. St. Albans Psychiatric Hosp., Inc., 387 S.E.2d 282, 283 (W. Va. 1989) (citation omitted); see also Blais v. Allied Exterminating Co., 482 S.E.2d 659, 662 (W. Va. 1996); Perkins v. Doe, 350 S.E.2d 711, 713 (W. Va. 1986). Because the defendant doctors' relevant conduct occurred entirely in West Virginia and they rendered their allegedly defective opinions to Sutter & Enslein there, the alleged legal injury to Raymond Adams occurred in West Virginia. See Weethee v. Holzer Clinic, Inc., 490 S.E.2d 19, 20-21 (W. Va. 1997) (holding that a claim for a defective sterilization procedure performed at a hospital in Ohio accrued in Ohio, even though the plaintiff became pregnant and gave birth to a genetically abnormal daughter in West Virginia).

In West Virginia, as elsewhere, "[t]he essence of a medical malpractice action is a physician-patient relationship." Rand v. Miller, 408 S.E.2d 655, 656 (W. Va. 1991). "Generally, it is axiomatic that unless such a relationship is established, a legal duty cannot exist between the parties." Gooch v. West Virginia Dep't of Pub. Safety, 465 S.E.2d 628, 637 (W. Va. 1995) (footnote omitted). In particular, West Virginia makes clear that "a physician has no liability to an examinee for negligence or professional malpractice absent a physician/patient relationship, except for injuries incurred during the examination itself." Rand, 408 S.E.2d at 658 (internal quotation marks and citation omitted). Thus, to establish liability on the part of Drs. Harron and Deardorff, Marcella Adams would have to demonstrate either that there was a physician-patient relationship between Raymond Adams and the doctors or that her husband was injured during an examination itself. Because Raymond Adams was not examined and therefore not injured during any examination, the only question in this case is whether there was a physician-patient relationship between Adams and either of the defendant doctors. We hold that there was no such relationship.

The defendant doctors were retained by a law firm to give that firm consulting advice about which employees would qualify as plaintiffs in their solicitation efforts for asbestos litigation. None of the employees x-rayed retained the doctors or even saw the doctors. Indeed, none of them even knew who the doctors were. Similarly, the doctors had no medical information about any of the individuals, nor even their

4

addresses or telephone numbers. The doctors were retained as litigation consultants and were simply provided stacks of x-rays, with the name of an employee on each x-ray, so that they could determine whether the employee would qualify as a plaintiff in an asbestosis law suit. It is clear that under West Virginia law there was no physician-patient relationship between Raymond Adams and the defendant doctors.

Because there was no physician-patient relationship, Marcella Adams cannot maintain an action against them for medical malpractice. Accordingly, we affirm the judgment of the district court.

AFFIRMED

5